## SETTLEMENT AGREEMENT AND GENERAL RELEASE



This Settlement Agreement and General Release (the "Agreement") is entered into between the Plaintiff, KARINA MASSO ("Plaintiff") and the Defendant, G5IVE, LLC d/b/a G5ive (the "Defendant").

### Section I – General Recitals & Representations

**1.1** Plaintiff has filed a lawsuit against the Defendant alleging claims for alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"). *See* KARINA MASSO v. G5IVE, LLC d/b/a G5ive, et al., Case No. 15-22211-CIV-ALTONAGA/O'Sullivan.

**1.2** Defendant denies any and all allegations of wrongdoing, liability or fault. To compromise, settle and resolve their differences without admitting the validity of or any liability for the claims asserted by Plaintiff against Defendant, the parties have elected to voluntarily enter into this Agreement. Plaintiff agrees that neither this Agreement nor the furnishing of any consideration under this Agreement shall be construed or interpreted as an admission of any wrongdoing, unlawful conduct, fault or liability by Defendant.

**1.3** In consideration of these General Recitals & Representations (which are incorporated herein) and the terms, conditions, promises, covenants, releases and waivers contained in this Agreement, the parties, intending to be legally bound, agree as follows:

### Section II – Release & Payment

**2.1 Mutual Full and General Waiver of All Claims.** Plaintiff knowingly and voluntarily does hereby fully and generally release and waive any and all claims and actions against Defendant, including but not limited to, claims arising out of Plaintiff's employment or relationship with Defendant (including his/her termination of employment from Defendant) that he/she may now have against Defendant regardless of whether the claims are known or unknown, accrued or unaccrued, or discovered or not yet discovered. This full and general release and waiver includes, but is not limited to, all events, actions, and inactions of Defendant or any of Defendant' employees, agents or representatives. Plaintiff expressly acknowledges and agrees that this release and waiver includes, but is not limited to, claims or lawsuits arising under the Fair Labor Standards Act ("FLSA"), as amended, The Florida Minimum Wage Act (§448.110 and §24, Article X of the Florida Constitution), Title VII of the Civil Rights Act of 1964 (as amended), The Florida Civil Rights Act of 1992, the federal Age Discrimination in Employment Act ("ADEA"), the Pregnancy Discrimination Act, 42 U.S.C. § 1981, the Equal Pay Act, the National Labor Relations Act, the Americans with Disabilities Act, the Family and Medical Leave Act of 1993, the Florida Whistle-Blower Act, the Sarbanes-Oxley Act of 1992, the federal Employee Retirement Income Security Act of 1974 ("ERISA"), the Immigration and Nationality Act, the Occupational Safety and Health Act ("OSHA"), the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), the federal Fair Credit Reporting Act, and any other federal or state statute or local ordinance or any common law cause of action including, without

_____  
Plaintiff

_____  
Defendant(s)

*[initials]*

limitation, claims for unpaid minimum and overtime wages, age discrimination, sexual harassment, gender discrimination, retaliation, breach of contract (express or implied), unjust enrichment, breach of a covenant of good faith and fair dealing, inadequate notice, fraud, unpaid wages or commissions or bonuses, negligence, gross negligence, negligent hiring, training, retention and supervision, intentional infliction of emotional distress, wrongful or unlawful discharge, defamation, assault, battery, or claims of personal injury. This Agreement bars any claim or demand for loss or damages of any kind, including costs, attorneys' fees or other expenses. The listing of claims above is intended to be illustrative rather than exhaustive. However, this Agreement does not waive rights or claims that may arise after the date the waiver is executed. *Thus, this Agreement constitutes a full and final bar to any and all claims of any type that Plaintiff may have against Defendant.* Notwithstanding the above, Plaintiff acknowledges that he/she is not releasing: any claim that relates to any rights he/she might have to file a claim for unemployment compensation or workers' compensation benefits or to vested benefits under any Employee Retirement Plan sponsored by the Employer; any rights or claims that may arise after this Agreement is signed; any rights or claims that by law cannot be released in this Agreement; or any rights or claims to enforce this Agreement.

Similarly, Defendant knowingly and voluntarily does hereby fully and generally release and waive any and all claims and actions against Plaintiff, including but not limited to, claims arising out of Plaintiff's employment or relationship with Defendant, that Defendant may now have against Plaintiff regardless of whether the claims are known or unknown, accrued or unaccrued, or discovered or not yet discovered. This full and general release and waiver includes, but is not limited to, all events, actions, and inactions of Plaintiff's or any of Plaintiff's agents or representatives. This Agreement bars any claim or demand for loss or damages of any kind, including costs, attorneys' fees or other expenses. However, this Agreement does not waive rights or claims that may arise after the date the waiver is executed. *Thus, this Agreement constitutes a full and final bar to any and all claims of any type that Defendant may have against Plaintiff.*

**2.2 Dismissal of Claims / Court Approval.** If the Court so requires, Plaintiff agrees to submit this settlement to the Court for approval and/or a fairness hearing in order to have the case dismissed against all parties with prejudice.

**2.3 Payment of Consideration by Defendant.** In exchange for: (1) Plaintiff's release and waiver of any and all claims (including those for attorneys' fees and costs) against Defendant; and (2) all other promises Plaintiff has made herein (including, but not limited to, those relating to confidentiality), Defendant agree to pay the collective total gross settlement value of NINE THOUSAND EIGHT HUNDRED DOLLARS ($9,800), which is to be broken down as follows:

  2.3.1 Plaintiff shall receive FIVE THOUSAND FOUR HUNDRED FORTY FIVE DOLLARS ($5,445). This settlement amount shall be apportioned as follows:

   2.3.1.1   $2,500 shall constitute alleged unpaid wages;

_____                                                                       _____
Plaintiff                                                                          Defendant(s)

        2.3.1.2        $2,500 shall constitute liquidated damages; and

        2.3.1.3        $445 shall constitute damages for alleged retaliation.

2.3.2 Plaintiff's counsel shall receive FOUR THOUSAND THREE HUNDRED FIFTY FIVE DOLLARS ($4,355) for attorneys' fees and costs. These amounts shall be broken down as follows:

        2.3.2.1        $435 in filing fees and service of process; and

        2.3.2.2        $3,485 in attorney's fees.

Plaintiff shall be responsible for his/her tax obligations, if any.

All payments shall be sent to Saenz & Anderson, PLLC, c/o R. Martin Saenz, Esq., 20900 NE 30th Avenue, Ste. 800, Aventura, Florida 33180 via wire transfer or by two cashier checks (one for Plaintiff and one for Plaintiff's counsel) within forty five (45) calendar days after the Plaintiff has executed this Agreement. However, all payments under this Agreement are contingent upon Court approval and shall remain in trust until such time as the Court dismisses this action with prejudice.

**2.4 Default Remedies.** In the event Defendant shall fail to make any payment (either to Plaintiff or to his/her attorneys) when due, Plaintiff and his/her attorneys may proceed with taking a Final Judgment against Defendant for the following amounts (plus interest at the highest rate allowable by law): (1) the balance then remaining after credit for payments made; plus (2) liquidated damages of FIVE THOUSAND DOLLARS ($5,000.00) to Plaintiff; and (3) liquidated damages of FIVE THOUSAND DOLLARS ($5,000.00) to SAENZ & ANDERSON, PLLC.

In addition, Defendant waive any defenses they may have had to such a claim excepting the defense of offset for payments made and not credited to the balance then alleged outstanding or timely payment within the cure period.

The Defendant shall have a FIVE (5) calendar day cure period, which shall be triggered by notice to the following person via email, phone, or any other type of correspondence:

Stephen Hunter Johnson  
E-Mail: shj@lydeckerdiaz.com  
LYDECKER DIAZ  
1221 Brickell Avenue, 19th Floor  
Miami, Florida 33131

_____  
Plaintiff

_____  
Defendant(s)

Telephone: (305) 416-3180
Facsimile: (305) 416-3190
*Attorney for Defendant(s)*

**2.5 Time to Sign Settlement Agreement:** The Parties agree to draft, negotiate, and fully execute the instant Agreement within Five (5) calendar days from the date in which the attorney for the Plaintiff(s) has filed a notice of settlement with the Court.

**2.6 Consideration is Adequate, Ample and All Inclusive:** Plaintiff specifically agrees that the sums paid to her under this Agreement constitute adequate and ample consideration for the rights and claims that he/she is releasing and waiving under this Agreement, and for the other obligations imposed upon her by this Agreement.

## Section III – Confidentiality & No Disparagement

**3.1 Confidentiality.** Despite the fact that this Agreement may be made part of the Court record, Plaintiff agrees and understands that the circumstances surrounding this lawsuit, his/her employment with Defendant, and the Agreement are strictly and absolutely confidential. Notwithstanding any notations or filings in the judicial record, Plaintiff promises that he/she will not disclose the fact of or terms of this Agreement to anyone, unless ordered to do so by a court of competent jurisdiction. As is the case with all other provisions of this Agreement, Confidentiality is a material condition of this Agreement. Plaintiff agrees not to disclose or discuss this Agreement, the circumstances related thereto, or any information regarding the existence or substance of this Agreement to anyone except to an attorney and accountant with whom he chooses to consult regarding the execution of this Agreement.

**3.2 No Disparagement (mutual).** The Parties agree not to disparage each other, or their agents and representatives to any person or entity.

## Section IV – General Provisions

**4.1 Encouragement to Consult Attorney and Time to Consider Agreement.** Plaintiff acknowledges that he/she was encouraged to consult an attorney before signing this Agreement. Plaintiff acknowledges that he/she has consulted an attorney before signing this Agreement. Plaintiff also acknowledges that he/she was given a reasonable period of time within which to review and consider this Agreement before signing it, and that he/she understands each term of the Agreement and his/her obligations hereunder.

_____
Plaintiff

_____
Defendant(s)

**4.2 Neutral Employment References.** Defendant, upon request of a potential employer, will simply confirm dates of employment for Plaintiff.

**4.3 Effective Date.** This Agreement becomes effective and enforceable against the parties upon their execution of the Agreement.

**4.4 Amendment.** This Agreement may not be amended except by written agreement signed by Defendant and Plaintiff.

**4.5 Headings.** The headings and other captions in this Agreement are for convenience and reference only and shall not be used in interpreting, construing or enforcing any of the provisions of this Agreement or to define or limit the scope of any paragraph of this Agreement.

**4.6 Governing Law, Severability, Interpretation and Construction.** This Agreement shall be governed and construed in accordance with the laws of the State of Florida. The paragraphs and provisions of this Agreement are severable; if any paragraph or provision is found to be unenforceable, the remaining paragraphs and provisions will remain in full effect. If any provision of this Agreement is declared illegal or unenforceable by an arbitrator or court of competent jurisdiction, and if it cannot be modified to be enforceable, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. The parties hereto acknowledge that this Agreement is a collaborative effort by the attorneys for the parties and that, as such, no provision of this Agreement shall be more strictly construed against one party as the draftsperson thereof.

**4.7 Litigation of Disputes.** In the event of a dispute as to the interpretation, enforcement, application or violation of this Agreement, it is understood and agreed that the instant Court shall retain jurisdiction to resolve such dispute AND THIS ENTIRE AGREEMENT IS CONTINGENT UPON THE COURT RETAINING JURISDICITON TO ENFORCE THE TERMS OF THIS AGREEMENT. In addition, the Parties specifically agree that the Court retain the right to award attorney's fees in this action and the enforcement of this agreement.

## Section V – Representations & Warranties

**5.1 Capacity of the Parties.** Plaintiff represents and warrants to Defendant that he/she has the full power, capacity, and authority to enter into this Agreement. Plaintiff also represents and warrants that no portion of any claim, right, demand, action, or cause of action that Plaintiff has or might have had arising out of the acts, events, transactions, and occurrences referred to herein have been assigned, transferred, or conveyed to any person not a party to this Agreement, by way of subrogation, operation of law, or otherwise,

_____
Plaintiff

_____
Defendant(s)

*KM*

and that no releases or settlement agreements are necessary or need to be obtained from any other person or entity to release and discharge completely any of Plaintiff's claims released in this Agreement.

**5.2 Entire Agreement.** This Agreement sets forth the entire agreement between Plaintiff and Defendant and shall supersede any and all prior agreements, representations, or understandings, whether written or oral, between the parties, except as otherwise specified in this Agreement.

**5.3 Recitals Incorporated.** All of the recitals and representations described above or referred to in this Agreement are herein incorporated by reference and specifically made a part of this Agreement, and the same are acknowledged as having been relied upon by the parties.

**5.4 Attorney's Fees.** In any arbitration or litigation arising out of this Agreement, the prevailing party in such litigation shall be entitled to recover reasonable attorney's fees and costs at both the trial and appellate levels. Any rights of injunctive relief shall be in addition to and not in derogation or limitation of any other legal rights available to Plaintiff.

| KARINA MASSO | G5IVE, LLC d/b/a G5ive |
|---|---|
| By: *Karina D Masso* <br> Signature   Karina D Masso <br><br> Dated: 07/28/15 | By: <br> Name: James Wexler <br> Position: Manager <br> Dated: 08/06/15 |

Plaintiff

Defendant(s)